## FOURTH DEPARTMENT. DECEMBER, 1925.

In the Matter of the Application of FRANK J. BAKER, as Chairman of the Republican City Committee, and FRANK P. MARINO, Nominee of the Republican Party for Alderman of the First Ward of Utica, for Permission to Examine Eighteen (18) Protested and Void Ballots Shown upon the Statement of the Canvass in the First Election District of the First Ward of Utica, for the General Election of November 3, 1925, and the Application Therefor; for an Order of This Court Directing a Recanvass of the Votes Cast for Alderman of Said Ward in Said Election; for an Order Excluding from Such Canvass and Declaring the Said Ballots Void; for an Order Declaring Said FRANK P. MARINO to Be Elected Alderman of Said Ward and Directing the Board of Inspectors of Election of Said District and the Board of Supervisors of Oneida County, as the Board of Canvassers, to Canvass the Votes for Alderman of Said Ward Accordingly; for an Order Directing the Taking of Testimony, Both Oral and Documentary, with Reference to the Matters and Things Herein Set Forth; and for a Temporary Injunction Restraining the Said Board of Canvassers from Canvassing the Vote for Alderman of Said Ward During the Pendency of These Proceedings, Together with Such Other and Further Order and Relief Herein, as Justice May Require.

*Elections — absentee ballots — ballots protested within Election Law, § 330 — certain ballots showing erasures should have been rejected under Election Law, § 219 — certain ballots showing marks or writing by person other than voter should have been rejected under Election Law, § 122.*

Appeal from an order of the Supreme Court, entered in the office of the clerk of Oneida county, in proceedings under section 330 of the Election Law (as amd. by Laws of 1924, chap. 405).

PER CURIAM: Under the circumstances disclosed by the findings, the objections of Martorella taken in connection with the practice pursued by the election officials were sufficient to enable the court to consider the eighteen absentee ballots

as " protested ballots " within the meaning of section 330 of the Election Law.*
The two ballots showing erasures should have been rejected under the terms of
section 219 of the Election Law and the six other ballots showing writing or marks
by a person other than a voter should have been rejected as containing marks or
writings other than those authorized by section 122 of the Election Law. We
do not find it necessary to pass upon the other matters argued in the briefs; nor
are we to be understood as approving the views in respect to the law stated in
the opinion in the court below.† None of these matters would affect the result.
We base our judgment solely on the grounds stated above. The order should be
affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch
and Taylor, JJ. Order affirmed, with costs.